UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| CHRISTOPHER RYAN DILLON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 19-295-DCR |
| ) | |
| v. ) | |
| ) | |
| WARDEN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Petitioner Christopher Dillon is currently confined at the Federal Correctional Institution-Manchester ("FCI-Manchester") located in Manchester, Kentucky. Proceeding without an attorney, Dillon has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge the validity of his conviction. [Record No. 1] This matter is pending for initial screening as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1] Because Dillon is not entitled to habeas relief, his petition will be denied.

### I.

In March 2016, Dillon was charged in an indictment issued by a grand jury in the United States District Court for the Eastern District of Tennessee with one count of knowingly possessing with intent to distribute a substance containing a detectable amount of a-PVP (alpha-pyrrolidinopentiophenone), a Schedule I controlled substance, in violation of 21 U.S.C.

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

-1-

§§ 841(a)(1) and 841(b)(1)(C) (Count One); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Two). *United States v. Christopher Ryan Dillon*, No. 2:16-cr-035-RLJ-MCLC-1 (E.D. Tenn. 2016) at Record No. 3. Dillon entered into a plea agreement with the United States in November 2016. In relevant part, he agreed to plead guilty to Count Two of the indictment (i.e., the charge of being a felon in possession of a firearm). In exchange, the United States agreed to dismiss Count One (i.e., the charge of possessing a controlled substance with the intent to distribute it). *Id*. at Record No. 13. Dillon also stipulated to various matters, including the fact that, after police officers arrived at a parking lot where it had been reported that drug activity was taking place,

> officers located [Dillon] sitting inside one of the vehicles, a black Honda… Officers then observed a white male exit a building beside the vehicles and get into the passenger side of the black Honda. When asked if there were any firearms in their possession, both initially denied having a firearm. Officers then asked both [Dillon] and the other individual to step out of the vehicle. As [Dillon] was getting out of the vehicle, he was observed putting his hand to his right side toward the back of the seat. Once out of the vehicle, one of the officers saw, in plain view, a firearm between the seat and the console, the same area where [Dillon] was previously seen putting his hand. *[Dillon] admitted to the officers that he was trying to hide the firearm from them, that he was transporting the firearm for a friend, that he was a convicted felon and knew he was not supposed to be in possession of a firearm.*

*Id*. at Record No. 13, p. 2-3 (emphasis added). *See also id*. at p. 4 (stipulating that Dillon "told agents that the gun belonged to his girlfriend, but that he knew the gun was in the car," and further stipulating that Dillon was previously convicted of drug-related felonies in Tennessee and Virginia).

The plea agreement also contained a waiver provision, pursuant to which Dillon agreed not to file a direct appeal of his conviction or sentence (with an exception not relevant here) and further "knowingly and voluntarily waive[d] the right to file any motions or pleadings

pursuant to 28 U.S.C. § 2255 or to collaterally attack [Dillon's] conviction(s) and/or resulting sentence." *Id*. at p. 8.

Dillon pled guilty to Count Two of the Indictment on December 15, 2016. On April 6, 2017, Dillon was sentenced to a term of imprisonment of 110 months, to be served concurrent to sentences imposed in multiple state criminal cases. *Id*. at Record No. 16, 29. Dillon neither filed a direct appeal of his conviction or sentence, nor did he file a motion for vacate his sentence pursuant to 28 U.S.C. § 2255.

In his § 2241 petition filed in this Court, Dillon argues that his conviction is invalid in light of the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, he argues that, in light of *Rehaif*, he is "actually innocent" of his crime of conviction because he did not knowingly violate the "status" element of being a felon in possession of a firearm. [Record No. 1 at p. 5]

**II.**

The correct mechanism for a federal prisoner to challenge his or her conviction or sentence is through a motion to vacate filed pursuant to 28 U.S.C. § 2255(a). *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). *See also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). To properly invoke the savings clause, the petitioner

must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Here, Dillon relies upon the Supreme Court's decision in *Rehaif* which held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200. Dillon argues that, because he was not found to have "knowingly" violated the "status" element of being a felon in possession of a firearm, he is "actually innocent" of his crime of conviction. [Record No. 1-1 at p. 1] However, Dillon's § 2241 petition will be denied for several reasons.

First, to properly invoke the savings clause, the Supreme Court's newly-announced interpretation must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308. While the Sixth Circuit has not yet addressed this issue, the Eleventh Circuit has specifically held that the Supreme Court has *not* made the *Rehaif* decision retroactively applicable to cases on collateral review. *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). *See also In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019).

Second, Dillon knowingly and voluntarily waived his right to contest his conviction in a post-conviction proceeding in his plea agreement. Such waivers are enforceable and apply to proceedings under § 2241, including this one. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citation omitted); *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL

-4-

5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *Solis-Caceres v. Sepanek*, No. 13-cv-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases).

Third, Dillon waived his right to attack the sufficiency of the evidence to sustain his conviction by pleading guilty. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987) ("…an attack on the sufficiency of the evidence that might have been produced at trial [is] clearly waived by [a] defendant's guilty plea."). Thus, the government was not required to prove anything with respect to Dillon's conduct because Dillon admitted all of the facts essential to sustain his conviction when he agreed to plead guilty. *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *See also Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

Even setting aside these obstacles, Dillon's claim for relief fails on substantive grounds. As a factual matter, although Dillon now claims that he "was not aware that he was barred from possessing firearms at the time of his firearm possession," [Record No. 1-1 at p. 2] this claim is directly contradicted by the facts to which he agreed in his plea agreement. Dillon previously agreed that, at the time of his arrest, that he "admitted to the officers that he was trying to hide the firearm from them, that he was transporting the firearm for a friend, that he was a convicted felon and knew he was not supposed to be in possession of a firearm." *United States v. Christopher Ryan Dillon*, No. 2:16-cr-035-RLJ-MCLC-1 (E.D. Tenn. 2016) at

Record No. 13, p. 2-3. Indeed, Dillon's § 2241 petition argues that, "if a defendant was not proven, *or admitted in a plea agreement*, to have known he was barred from possessing a firearm based on his status, in addition to possessing a firearm, he stands convicted of a crime in which he is 'actually innocent.'" [Record No. 1-1 at p. 4 (emphasis added)] Thus, Dillon's own petition concedes that he is not entitled to relief based on the admissions in his plea agreement.

In addition, Dillon's argument for relief relies on an overly-broad interpretation of *Rehaif*. Contrary to his argument, *Rehaif* does not hold that the government was required to prove that he knew that he was prohibited from possessing a firearm to sustain a conviction under Section 922(g)(1). As the Supreme Court explained,

> [t]he question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

*Rehaif*, 139 S. Ct. at 2194. Thus, while the government's burden includes proof that the defendant was aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like," *Id*. at 2195-96, it does not include proof that the defendant specifically knew that he was prohibited from possessing firearms. *See also United States v. Bowens*, 938 F. 3d 790, 797 (6th Cir. 2019) (under *Rehaif*, "the Government would have to prove that [defendants] both knew they possessed firearms and knew that they were unlawful users of a controlled substance" under § 922(g)(3)).

In fact, in *Bowens*, the Sixth Circuit rejected Dillon's unduly expansive reading of *Rehaif*:

> [D]efendants appear to argue that even if they knowingly used marijuana, *Rehaif* requires something more: that the Government prove each defendant "knew he was *prohibited from possession* [of a firearm] because he was an unlawful user of a controlled substance," that in other words he "knew of his status as a *prohibited person*....[I]t is at least plausible that they were unaware that they were prohibited from possessing firearms under a subsection of 18 U.S.C. § 922(g) due to their regular and repeated drug use. Such knowledge, however, is not, and cannot be, what *Rehaif* requires. The defendants' reading of *Rehaif* goes too far because it runs headlong into the venerable maxim that ignorance of the law is no excuse. *Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.

*Bowens*, 938 F. 3d at 797 (emphasis in original; citation omitted). Because Dillon does not contend that he was unaware that he stood convicted of numerous felonies (yet another fact to which he stipulated in his plea agreement), and because *Rehaif* does not require more, his petition fails to state any viable claim for relief.

For all of these reasons, it is hereby **ORDERED** as follows:

1.  Dillon' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2.  This action is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket.

Dated: December 20, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky